UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number:**

ERIKA CAMARENO,
    Plaintiff,

vs.

TELEMUNDO NETWORK GROUP, LLC and
NBCUNIVERSAL MEDIA, LLC
    Defendants.
_____/

## ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Erika Camareno, (hereinafter "Plaintiff"), complains of Telemundo Network Group, LLC and NBCUniversal Media, LLC (hereinafter "Telemundo" or "Defendants") and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of sex discrimination as well as retaliation under Title VII of the Civil Rights Act of 1964, as amended.

3. Plaintiff files this Complaint and complains of age discrimination under the Age Discrimination in Employment Act of 1967.

4. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney's fees, emotional distress and mental anguish, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

5. Plaintiff, Erika Camareno is a resident of Puerto Rico, a U.S. territory.

6. Defendant Telemundo Network Group, LLC is a Delaware corporation authorized to do business in the state of Florida and process may be served by mail or in person on its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

7. Defendant NBCUniversal Media is a Delaware corporation authorized to do business in the state of Florida and process may be served by mail or in person on its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## VENUE

8. Venue is appropriate in the United States District Court for the Southern District of Florida—Miami Division in that Defendant Telemundo Network Group, LLC is headquartered in Miami, Florida at 1 Telemundo Way, Miami, Florida, 33182. Venue is appropriate in the judicial district in which the employment records relevant to the facts of this case are maintained and administered. 42 U.S.C.§2000e-5(f)(3).

## JURISDICTION

9. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967.

10. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

11. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue her claims.

12. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about September 4, 2018.

13. Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling her to file suit on her claims of discrimination based on sex, age and retaliation on or about December 31, 2019.

14. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

15. Plaintiff is a female individual over the age of 40 and was over the age of 40 at all times relevant to this lawsuit.

16. Plaintiff began working for Defendants in 2016, as a news producer for Telemundo Houston (KTMD—Channel 47).

17. At the time of Plaintiff's termination, Plaintiff's specific duties included producing the 4 PM news broadcast and also producing a breaking news segments that occurred prior to 4 PM.

18. Plaintiff, as part of her Telemundo broadcast team, was awarded a Lone Star Emmy in 2017 for their breaking news work.

19. Plaintiff's direct supervisor was Jerry Vazquez, the news director.

20. Jerry Vazquez ("Vazquez"), constantly displayed animosity towards Plaintiff, despite Plaintiff's excellent on the job performance.

21. Vazquez constantly yelled at Plaintiff, criticized Plaintiff and treated her differently than the men that he supervised. He singled Plaintiff out in the post newscast meetings to make humiliating and mocking comments just because Plaintiff is an older female.

22. Vazquez engaged in a pattern of demeaning women. He constantly yelled and berated the women that he supervised. Several women quit just to get away from Mr. Vazquez, including a news producer named Amy Alvarez. She resigned specifically to escape Vazquez's harassment.

23. Plaintiff performed her job to the best of her ability while navigating Vazquez's harassment.

24. However, Mr. Vazquez's harassment of Plaintiff worsened in 2017.

25. Plaintiff had accrued four weeks of vacation time and requested two weeks' vacation to take her daughter to Europe to celebrate her 15th birthday.

26. Vazquez refused and claimed that it was "his policy" to only let his subordinates take one week of vacation at a time.

27. However, Vasquez let men and younger workers take two weeks off consecutively.

28. The ongoing harassment, disparate treatment and the denial of this important vacation finally led Plaintiff to complain to the station manager, Tony Canales, in November 2017.

29. Afterwards, Vazquez's harassment worsened.

30. Vazquez accused Plaintiff of failing to do her job and gave Plaintiff a 2 out 4 on her March 2018 performance review.

31. In a conversation after the review, Vazquez said he knew that Plaintiff complained about sex discrimination to Mr. Canales.

32. He subsequently gave Plaintiff increasing warnings. Plaintiff was given an "Observation

and Alert" letter regarding alleged "performance issues" and was placed on probation.

33. Then in May 2017, Plaintiff was given a "Final Warning."

34. Plaintiff was subsequently terminated on June 29, 2018. Plaintiff was terminated because of Plaintiff's sex, age and in retaliation for Plaintiff's complaints about her supervisor's sexist and ageist behavior.

## COUNT I

### DISCRIMINATION BASED ON SEX UNDER TITLE VII

35. Plaintiff re-alleges and incorporates into count one paragraphs 1-34.

36. Defendants, by and through its agents and employees, especially Jerry Vazquez intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, because of sex.

37. Defendants, acting by and through its employees, maintained a policy of sex discrimination, in violation of the foregoing statutes against Plaintiff.

38. If Plaintiff was not female, she would not have been terminated.

## COUNT II

### DISCRIMINATION BASED ON AGE UNDER THE ADEA

39. Plaintiff re-alleges and incorporates into count two paragraphs 1-34.

40. Defendants, by and through its agents and employees, especially Jerry Vazquez intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the ADEA, because of age.

41. Defendants, acting by and through its employees, maintained a policy of age discrimination, in violation of the foregoing statutes against Plaintiff.

42. If Plaintiff was not female, she would not have been terminated.

## COUNT III

### TERMINATION ON THE BASIS OF RETALIATION

43. Plaintiff re-alleges and incorporates into count three paragraphs 1-34.

44. Defendants, by and through its agents and employees, especially Jerry Vasquez intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII and the ADEA, because of its retaliation against Plaintiff for complaints of sex and age discrimination.

45. Defendants, acting by and through its employees, maintained a policy of retaliation, in violation of the foregoing statutes against Plaintiff.

46. If Plaintiff had not complained of sex and age discrimination, she would not have been terminated.

### DAMAGES

47. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

### EXEMPLARY DAMAGES

48. Defendants' actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering. The wrongs done by Defendants were aggravated by their willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## LIQUIDATED DAMAGES

49. Defendants' actions were intentional, willful, harsh, oppressive, and malicious. The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## ATTORNEY'S FEES

50. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of COANE AND ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

51. Plaintiff hereby makes her request for a jury trial.

## INJUNCTIVE RELIEF

52. Plaintiff seeks injunctive relief requiring Defendants to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with the ADEA and Title VII and who violate Federal statutory protection against discrimination.

53. Plaintiff seeks injunctive relief requiring Defendants to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

   i. allocation of significant funding and trained staff to implement all changes within two years;

    ii. discipline managers who have violated the companies' policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

    iii. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

    iv. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

    v. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions; and

    vi. reinstatement of Plaintiff.

## PRAYER

54. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. Back Pay;

    b. Pre-Judgment Interest on Back Pay;

    c. Front Pay;

    d. Compensatory Damages, including but not limited to emotional distress;

    e. Liquidated Damages

    f. Punitive Damages;

g. Injunctive and Affirmative Relief;

   h. Attorney's Fees and Costs;

   i. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Date: March 27, 2020

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

By: /s/Arthur Mandel
**Arthur Mandel**
FL Bar # 22753
Email: arthur.mandel@coane.com
1250 E. Hallandale Beach Blvd. Ste. 303
Hallandale Beach, Florida 33009
Phone: (305) 538-6800
Fax: (866) 647-8296
***ATTORNEY FOR PLAINTIFF***

**OF COUNSEL:**
Bruce A. Coane
Texas Bar No. 04423600
COANE AND ASSOCIATES, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Tel:   713-850-0066
Fax:   713-850-8528

Matthew Swiger
Texas Bar No. 24088495
COANE AND ASSOCIATES, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Tel:   713-850-0066
Fax:   713-850-8528